UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re AARON H. WATMAN, | ) ) ) | |
| Debtor. | ) ) ) | |
| AARON H. WATMAN, | ) ) | CIVIL ACTION NO. 04-40162-PBS |
| Defendant/Debtor/Appellant, | ) ) ) | |
| v. | ) ) | |
| LAWRENCE GROMAN | ) ) ) | |
| Plaintiff/Creditor/Appellee. | ) ) | |

DESIGNATION OF ITEMS TO THE RECORD ON APPEAL AND STATEMENT OF ISSUES ON APPEAL

The Appellant, Aaron H. Watman, hereby designates the following items to the record on appeal and states the following issues on appeal:

Designation of Items to the Record on Appeal

1. Adversary Proceeding Docket for Bankruptcy Case No. 99-41823-JBR;

2. Complaint Objecting to Discharge and Dischargeability of Debt Pursuant to Bankruptcy Code Sections 727 and 523;

3. Defendant's Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted;

4. Defendant's Memorandum of Law in Support of Motion to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted;

5. Memorandum of Law of Plaintiff in Opposition to Motion to Dismiss;

6. Motion of Plaintiff for Reconsideration of Order Dismissing Adversary Proceeding;

7. Defendant's Opposition to Plaintiff's Motion for Reconsideration of Order Dismissing Adversary Proceeding;

8. Proceeding Memorandum/Order of Court dated November 29, 1999;

9. Transcript of Hearing on Motion by Debtor/Defendant to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted; Objection by Plaintiff, Re: Complaint to Object to or Revoke A Discharge Before the Honorable James F. Queenan, Jr., J.U.S.B.C. dated November 29, 1999;

10. Notice of Appeal dated December 6, 1999;

11. Answer;

12. Pretrial Stipulation;

13. Second Pretrial Stipulation;

14. Plaintiff's Pre-Trial Brief;

15. Defendant's Pre-Trial Memorandum;

16. Transcript of Trial before The Honorable Joel B. Rosenthal, J.U.S.B.C. Dated April 11, 2001;

17. Uncontested Exhibits – P1 through D3:

   P1   Watman bankruptcy schedules and statement of financial affairs

   P2   Childrens Dental Associates bankruptcy schedules and statement of financial affair

   P3   Childrens Dental Associates Bank check register for the period January 1, 1999 to June 1, 1999

   P4   Lowell Dentistry for Children check and deposit registry for the period April 6, 1999 to June 1, 1999

   P5   General ledger report for Childrens Dental Associates for the period October 1, 1998 to July 31, 1999

   P6   Invoice from Devine, Millimet & Branch to Childrens Dental Associates dated February 22, 1999

   D1   Two equipment leases between Rockford Industries and Childrens Dental Associates

   D2   Trustee's motion for Authority to Extend Time to Assume or Reject Leases

      D3     Letter from Watman dated March 19, 1999;

18. Plaintiff's Post-Trial Brief;

19. Defendant's Opposition and Response to Plaintiff's Proposed Findings of Fact and Conclusions of Law;

20. Transcript of Findings and Decision Before The Honorable Joel B. Rosenthal, J.U.S.B.C. dated June 12, 2001;

21. United States Bankruptcy Court for the District of Massachusetts Judgment dated June 12, 2001;

22. Notice of Appeal dated June 19, 2001;

23. United States Bankruptcy Appellate Panel for the First Circuit Opinion dated December 28, 2001;

24. United States Bankruptcy Appellate Panel for the First Circuit BAP No. MW 01-045 Judgment dated December 28, 2001;

25. Notice of Appeal dated January 9 2002;

26. United States Court of Appeals for the First Circuit Memorandum of Decision dated August 20, 2002;

27. United States Court of Appeals for the First Circuit Judgment dated August 20, 2002;

28. Debtor's Supplemental Memorandum in Support of Grant of Discharge;

29. Brief of Lawrence Groman Concerning Proceedings on Remand;

30. United States Bankruptcy Court for the District of Massachusetts Proceeding Memorandum/Order dated September 26, 2002;

31. Transcript of Status Conference Before The Honorable Joel B. Rosenthal, Jr., J.U.S.B.C dated September 26, 2002;

32. United States Bankruptcy Appellate Panel for the First Circuit Mandate dated October 21, 2002;

33. United States Bankruptcy Court for the District of Massachusetts Memorandum of Decision on Remand dated October 28, 2002;

34. Notice of Appeal of the Debtor, Aaron H. Watman of the Decision and Judgment Dated October 28, 2002;

35. United States Bankruptcy Appellate Panel for the First Circuit Judgment dated December 29, 2003;

36. United States Bankruptcy Appellate Panel for the First Circuit Memorandum of Decision dated December 29, 2003;

37. Mandate of the United States Bankruptcy Appellate Panel for the First Circuit dated March 18, 2004;

38. Lawrence Groman's Brief on Remand from the Bankruptcy Appellate Panel;

39. Debtor's Supplemental Memorandum on Remand from the Bankruptcy Appellate Panel;

40. United States Bankruptcy Court for the District of Massachusetts Order Following Second Remand from Bankruptcy Appellate Panel dated June 29, 2004;

41. United States Bankruptcy Court for the District of Massachusetts Memorandum of Decision on Second Remand from Bankruptcy Appellate Panel dated June 29, 2004;

42. Notice of Appeal of Debtor, Aaron H. Watman, of the Memorandum of Decision and Order dated June 29, 2004;

43. Docket Entries from the United States District Court for the District of Massachusetts, Civil Action No. 04-40162-PBS;

44. United States District Court for the District of Massachusetts Memorandum and Order dated September 27, 2005; and

45. Notice of Appeal dated October 7, 2005.

## Statement of Issues on Appeal

1. Whether the District Court erred in affirming the Bankruptcy Court's ruling which denied Watman his bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(7).

2. Whether the District Court erred in affirming the Bankruptcy Court's finding that Childrens Dental Associates of Lowell – Lawrence Groman, D.M.D., P.C. ("Childrens Dental") had goodwill and going concern value to be protected, when there was no evidence presented at trial on these issues and where the Bankruptcy Court based its findings on pure speculation.

3. Whether the District Court erred in affirming the Bankruptcy Court's finding that Lowell Dentistry's use of certain assets harmed the creditors of Childrens Dental, where the assets had inconsequential value to the estate of Childrens Dental and where their usage was fully disclosed to the Chapter 7 Trustee.

4. Whether the District Court erred in affirming the Bankruptcy Court's finding that Watman acted with intent to hinder, delay or defraud, in light of evidence that Watman acted, at all times, under the advice of his counsel and fully disclosed his actions to counsel for Childrens Dental and the Chapter 7 Trustee.

5. Whether the District Court's erred in affirming the Bankruptcy Court's reversal of its prior finding that Watman had no intent to hinder, delay or defraud creditors without hearing any additional evidence.

6. Whether the District Court erred in affirming the Bankruptcy Court's consideration of the matter on remand and its failure to comply with the mandate issued by the Court of Appeals.

AARON H. WATMAN,
By his attorneys,

 /s/ Leslie F. Su
Peter J. Haley
 BBO No. 543858
Leslie F. Su
 BBO No. 641833
Gordon Haley LLP
101 Federal Street
Boston, Massachusetts 02110
Tel: (617) 261-0100
Fax: (617) 261-0789
e-mail: haley@gordonhaley.com
          Lsu@gordonhaley.com

Dated: October 17, 2005
P:\Clients\Watman\Plead\Appeal 04-40162 (USDC Sept 2004)\Designation of Items to Record on Appeal and Stmt of Issues.doc

## CERTIFICATE OF SERVICE

I, Leslie F. Su, do hereby certify that on October 17, 2005, I served the foregoing Designation of Items to the Record on Appeal and Statement of Issues on Appeal by causing a copy of the same to be sent by first-class mail to the following:

Joseph S.U. Bodoff
Bodoff & Slavitt LLP
225 Friend Street
Boston, Massachusetts  02114

      /s/ Leslie F. Su
      Leslie F. Su (BBO No. 641833)

P:\Clients\Watman\Plead\Appeal 04-40162 (USDC Sept 2004)\Designation of Items to Record on Appeal and Stmt of Issues.doc